Hans N. Huggler, ABA No. 1505025
Michael B. Baylous, ABA No. 0905022
LANE POWELL LLC
1600 A Street, Suite 304
Anchorage, Alaska 99501
Telephone:   907-264-3318
                    907-264-3303
Email:        hugglerh@lanepowell.com
                   baylousm@lanepowell.com

Kurt M. Rylander, Wash. Bar No. 27819, *pending pro hac vice*
Mark E. Beatty, Wash. Bar No. 37076, *pending pro hac vice*
RYLANDER & ASSOCIATES PC
406 West 12th Street
Vancouver, WA 98660
Telephone:   (360) 750-9931
Facsimile:   (360) 397-0473
E-mail:       rylander@rylanderlaw.com
                   beatty@rylanderlaw.com

Attorneys for Plaintiffs Miller Mendel, Inc. and Tyler Miller

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MILLER MENDEL INC., a Washington Corporation and TYLER MILLER, an Oregon resident,<br><br>                                    Plaintiff,<br><br>v.<br><br>ALASKA STATE TROOPERS, an agency of the State of Alaska and JAMES E. COCKRELL, Commissioner of the State of Alaska Department Of Public Safety<br><br>                              Defendants. | Case No. 3:21-cv-00129-HRH<br><br><br>**<u>COMPLAINT</u>** |

        Plaintiffs,  TYLER  MILLER  and  MILLER  MENDEL,  INC.  (collectively

"Plaintiffs" or "Miller Mendel" or "MMI"), by undersigned counsel, assert this Complaint

for patent infringement against Defendants ALASKA STATE TROOPERS and JAMES E. COCKRELL, and allege as follows:

**PARTIES**

1.  Plaintiff Tyler Miller is a resident of the State of Oregon, and is the owner of all right, title, and interest in and to United States Patent No. 10,043,188 B2 (hereinafter, "the '188 Patent").

2.  Plaintiff Miller Mendel is a Washington corporation, wholly owned by Tyler Miller, with its principal place of business in Seattle, Washington. Miller Mendel has an exclusive license granted by Mr. Miller of all right and interest to the '188 Patent with the right to sublicense to third parties, and was established for the purpose of commercially exploiting the '188 Patent and related intellectual property, embodied in the eSOPH system.

3.  Upon information and belief, Defendant Alaska State Troopers is an agency of the State of Alaska and a Division of the State of Alaska Department of Public Safety.

4.  Upon information and belief, Defendant James E. Cockrell is the Commissioner of the State of Alaska Department of Public Safety, with authority to direct the Department of Public Safety and the personnel within the Department of Public Safety, including but not limited to civilian and uniformed personnel of the Alaska State Troopers.

**JURISDICTION AND VENUE**

5.  This action arises under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq.*, particularly at least Sections 271, 281 through 285, and 295 of Title 35 of the United States Code. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338. Defendants

are situated and reside within this state and judicial district and are subject to personal jurisdiction.

6.      This action also arises under state and common law, rending jurisdiction proper pursuant to Supplemental jurisdiction, 28 U.S.C. §1367(a), and diversity of citizenship, 28 U.S.C. § 1332(a).

7.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and 1400.

## STATE SOVEREIGN IMMUNITY

8.      The Eleventh Amendment to the U.S. Constitution allows a State government to assert immunity to the jurisdiction of federal courts over the State government for which the State may become liable for money damages and/or other monetary relief payable out of the State treasury and/or other State revenues allocated by the State's legislature.

9.      Eleventh Amendment immunity to federal court jurisdiction is an affirmative defense that may be waived by the State.

10.     On information and belief, Guardian Alliance Technology Inc. ("GAT") has a contractual obligation to indemnify, defend, and hold harmless the State of Alaska against any claim of patent infringement arising from its use of the Guardian Platform, including paying the entire costs of defense, any monetary or other economic damages or costs adjudged against the State of Alaska, and any potential interest on any such judgment.

11.     On information and belief, the defense against these claims and any judgment which may be imposed against the State of Alaska will not be borne by the treasury or other revenues of the State of Alaska.

12.     Plaintiffs bring this lawsuit in federal court in good faith, permitting Defendants the option to waive the defense of Eleventh Amendment Sovereign Immunity.

13.     The fair market value of the '188 Patent, which is commercialized by offering sublicenses to client-users through Plaintiff MMI as the exclusive licensee formed to promote, support, and deliver such services, is directly related to the royalties or license fees paid by client-users. Conversely, allowing other parties to infringe on the exclusive patent rights reduces the fair market value of the patent, at least by directing revenues to the infringing parties and reducing the market of paying client-users available to Plaintiff.

In addition, the Eleventh Amendment is not a bar to this lawsuit to the extent it seeks purely prospective injunctive relief against an officer of the State, seeking an order prohibiting continuing and future infringement of Plaintiffs' property rights.

## CLAIM I: PATENT INFRINGMENT
## Count I – Damages for Patent Infringement under 35 U.S.C. §§ 271(a) & (b) (Against Defendant Alaska State Troopers)

14.     Plaintiffs re-allege each of the preceding paragraphs 1-13 of this Complaint.

15.     The '188 Patent, which is entitled "Background Investigation Management Service," was issued on August 7, 2018. A true and correct copy of the '188 Patent is attached hereto as Exhibit "1" and by this reference incorporated herein.

16.     The '188 Patent was duly and legally issued by the United States Patent & Trademark Office after full and fair examination.  Plaintiffs hold all right, title, and interest in and to the '188 Patent and possesses all rights of recovery under the '188 Patent.

17.     Plaintiffs manufacture, market, and sell, through Plaintiff MMI as the exclusive licensee, sublicenses to use the eSOPH system and services, which is covered by one or more claims of the '188 Patent including, at least, Claims 1, 5 and 15.

18.     35 USC § 271(a) provides that whoever uses any patented invention within the United States infringes the patent.  *See also* Section 271(h).

19.     Plaintiffs are informed and believe and based thereon allege that Defendant had notice of the '188 Patent and/or that the filing of the original Complaint in this case constituted notice.

20.     Plaintiffs are informed and believe and on that basis allege that Defendant uses a product, the Guardian Alliance Technologies investigation software platform ("the Guardian Platform"), which infringes one or more claims of the '188 Patent, including at least Claims 1, 5, and 15, and all elements thereof; that Defendant has, within the past six years infringed, and continue to literally and/or equivalently infringe one or more claims of the '188 Patent, including Claims 1, 5 and 15, and all elements thereof, by using the Guardian Platform in this district without the consent or permission of Plaintiffs, including, for example, literally and/or equivalently infringing Claim 1 of the'188 Patent by using the Guardian Platform on a computing device with a processor and system memory, assisting

an investigator in conducting a background investigation of an application within an

organization by:

(a) receiving a first set of program data comprising information identifying the applicant, the position, the organization, and the investigator;

(b) storing a new applicant entry in the system memory, the new applicant entry associated with the first set of program data;

(c) transmitting an applicant hyperlink to an applicant email address associated with the applicant, the applicant hyperlink for viewing an applicant set of electronic documents;

(d) receiving an applicant electronic response with a reference set of program data, wherein the reference set of program data comprises information regarding a reference source, wherein the reference source is a person, the program data including a reference email address associated with the reference source;

(e) determining a reference class of the reference source based on the reference set of program data;

(f) selecting a reference set of electronic documents based on the reference class of the reference source;

(g) transmitting a reference hyperlink to the reference email address, the reference hyperlink for viewing the reference set of electronic documents;

(h) receiving a reference electronic response to the reference set of electronic documents from the reference source;

(i) storing the reference electronic response in the system memory, associating the reference electronic response with the new applicant entry; and

(j) generating a suggested reference list of one or more law enforcement agencies based on an applicant residential address.

21.     Plaintiffs are entitled to recover from Defendant the damages sustained by Plaintiffs as a result of Defendant's wrongful acts in an amount subject to proof at trial, but not less than a reasonable royalty.

22.     Defendant's infringing use will cause ongoing and future harm to Plaintiffs, which may be difficult or impossible to reduce to a sum certain of money damages.

23.     Plaintiffs have been and continue to be irreparably harmed by the acts of Defendant and this harm is not remediable by damages alone.  A patent is a property right of limited duration.  Every day of continuing infringement lessens, taints, and depletes the rights and entitlements granted by the '188 Patent.  Every day of continuing infringement interferes with Plaintiffs' ability to realize the value on the '188 Patent through licensing or directly marketing to others and/or through price erosion.

24.     The public has an overriding interest in protecting patent rights and in the enforcement of patent laws.

25.     Defendant's infringement of Plaintiffs' exclusive rights under the '188 Patent will continue to damage Plaintiffs' Plaintiff Miller's' business, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

26.     Defendant has infringed and continues to infringe the '188 Patent directly and/or through acts of inducement in violation of 35 U.S.C. § 271(a) and/or (b).

27.     As a result of Defendant's infringement, Plaintiffs have suffered and continue to suffer damages in an amount to be determined at trial.

28.     Unless Plaintiffs receive temporary, preliminary, and permanent injunctive relief enjoining Defendant's use of infringing products and systems, including the Guardian Platform, Plaintiffs will be irreparably injured.

29.     Plaintiffs are informed and believe that Defendant's infringement of the '188 Patent has been willful and deliberate, entitling Plaintiffs to increased damages under 35 U.S.C. § 284, and, in addition, Defendant's conduct renders this an exceptional case under 35 U.S.C. § 285, thus entitling Plaintiffs to an award of attorney fees.

30.     To the extent of any claim to sovereign immunity, Plaintiffs are informed and believe and therefore contend such immunity has been and/or should be considered to have been waived.

## Count 2 – Declaratory Judgment of Patent Infringement and Injunctive Relief
### (Against Defendant Alaska State Troopers)

31.     Plaintiffs re-allege each of the preceding paragraphs 1-30 of this Complaint.

32.     This action arises under the patent laws of the United States, Title 35 of the United States Code (35 U.S.C. § 1, et seq.), and under the Federal Declaratory Judgment Act (28 U.S.C. §§ 2201 and 2202), and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (federal question).

33.     Plaintiffs are informed and believe and on that basis allege that there is an actual case or controversy, in that the Alaska Department of Safety, through the Alaska State Troopers, has infringed and continues to infringe at least Claim 1 of the '188 Patent by and through its use and operation of the infringing Guardian Platform.

34.     On or about January 12, 2021, Plaintiffs provided formal written notice to the Alaska Department of Safety that the Alaska State Troopers' use of the Guardian Platform infringes the '188 Patent.

35.     On or about March 3, 2021, Plaintiffs received a letter from the Alaska Department of Safety – dated February 17, 2021 on its face, and hereinafter referred to as the "February 17 Letter" - which denied that its use of the Guardian Platform infringes the '188 Patent.

36.     The February 17 Letter stated, in response to Plaintiffs' notice of patent infringement:

> **"Patent Infringement**
>
> DPS requested a Show Cause Notice from Guardian Alliance Technology. Guardian Alliance Technology provided a legal opinion letter with their response which provides a reasonable basis that Guardian Alliance Technology's ability to perform its obligation under the agreement would not be compromised. It is inappropriate for the State of Alaska to end a contractual relation on the patent infringement allegation.
>
> According to the above findings, the State of Alaska, Department of Public Safety will not cancel the contract with Guardian Alliance Technology."

37.     Alaska's denial of liability for patent infringement directly undermines the economic value of Plaintiffs' exclusive property rights to make, use, sell, offer for sale and/or import into the United States any product or process covered by any claim of the '188 Patent, including at least Claim 1 of the '188 Patent.

38.     Plaintiffs are entitled to declaratory judgment that Alaska's use of the Guardian Platform infringes at least Claim 1 of the '188 Patent and thereby constitutes

direct and/or indirect patent infringement under the Patent Act, 35 U.S.C. § 271(a) and/or (b).

39.     Consistent with declaratory judgment of infringement, Plaintiffs are entitled to an order enjoining the State of Alaska to cease its currently infringing activities, to wit: using the infringing Guardian Platform, and to refrain from using the Guardian Platform in the future in any manner which infringes any claim of the '188 Patent.

40.     Consistent with declaratory judgment of infringement, Plaintiffs are entitled to an order enjoining the State of Alaska to disclose all payments to Guardian Alliance Technology Inc. and any other third party made by Alaska for Alaska's use of the infringing Guardian Platform.

## Count 3 – Declaration of Patent Infringement under 35 U.S.C. §§ 271(a) & (b) and Injunction Prohibiting Further Infringing Acts (Against Commissioner James E. Cockrell)

41.     Plaintiffs re-allege each of the preceding paragraphs 1-40 of this Complaint.

42.     The '188 Patent, which is entitled "Background Investigation Management Service," was issued on August 7, 2018.  A true and correct copy of the '188 Patent is attached hereto as Exhibit "1" and by this reference incorporated herein.

43.     The '188 Patent was duly and legally issued by the United States Patent & Trademark Office after full and fair examination.  Plaintiffs hold all right, title, and interest in and to the '188 Patent and possesses all rights of recovery under the '188 Patent.

44.     Plaintiffs manufacture, market. and sell, through Plaintiff MMI as the exclusive licensee, sublicenses to use the eSOPH system and services, which is covered by one or more claims of the '188 Patent including, at least, Claims 1, 5 and 15.

45.     35 USC § 271(a) provides that whoever uses any patented invention within the United States infringes the patent. *See also* Section 271(h).

46.     Plaintiffs are informed and believe and based thereon allege that Defendant Commissioner Cockrell had notice of the '188 Patent and/or that the filing of the original Complaint in this case constituted notice.

47.     Plaintiffs are informed and believe and on that basis allege that Defendant Alaska State Troopers under the direction and/or authority of Defendant Commissioner Cockrell, uses a product, the Guardian Alliance Technologies investigation software platform ("the Guardian Platform"), which infringes one or more claims of the '188 Patent, including at least Claims 1, 5, and 15, and all elements thereof; that Defendant Alaska State Troopers under the direction and/or authority of Defendant Commissioner Cockrell, has, within the past six years infringed, and continue to literally and/or equivalently infringe one or more claims of the '188 Patent, including Claims 1, 5 and 15, and all elements thereof, by using the Guardian Platform in this district without the consent or permission of Plaintiffs, including, for example, literally and/or equivalently infringing Claim 1 of the'188 Patent by using the Guardian Platform on a computing device with a processor and system memory, assisting an investigator in conducting a background investigation of an application within an organization by:

(a)    receiving a first set of program data comprising information identifying the applicant, the position, the organization, and the investigator;

(b)    storing a new applicant entry in the system memory, the new applicant entry associated with the first set of program data;

(c)    transmitting an applicant hyperlink to an applicant email address associated with the applicant, the applicant hyperlink for viewing an applicant set of electronic documents;

(d)    receiving an applicant electronic response with a reference set of program data, wherein the reference set of program data comprises information regarding a reference source, wherein the reference source is a person, the program data including a reference email address associated with the reference source;

(e)    determining a reference class of the reference source based on the reference set of program data;

(f)    selecting a reference set of electronic documents based on the reference class of the reference source;

(g)    transmitting a reference hyperlink to the reference email address, the reference hyperlink for viewing the reference set of electronic documents;

(h)    receiving a reference electronic response to the reference set of electronic documents from the reference source;

(i)    storing the reference electronic response in the system memory, associating the reference electronic response with the new applicant entry; and

(j)    generating a suggested reference list of one or more law enforcement agencies based on an applicant residential address.

48.    This claim arises under the patent laws of the United States, Title 35 of the

United States Code (35 U.S.C. § 1, et seq.), and under the Federal Declaratory Judgment

Act (28 U.S.C. §§ 2201 and 2202), and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (federal question).

49.     Plaintiffs are informed and believe and on that basis allege that there is an actual case or controversy, that the Alaska Department of Public Safety under the direction and/or authority of Defendant Commissioner Cockrell, has infringed and continues to infringe at least Claim 1 of the '188 Patent by and through its use and operation of the infringing Guardian Platform.

50.     On or about January 12, 2021, Plaintiffs provided formal written notice to the Alaska Department of Public Safety that the Alaska State Troopers' use of the Guardian Platform infringes the '188 Patent.

51.     On or about March 3, 2021, Plaintiffs received a letter from the Alaska Department of Safety – dated February 17, 2021 on its face, and hereinafter referred to as the "February 17 Letter" - which denied that its use of the Guardian Platform infringes the '188 Patent.

52.     The February 17 Letter stated, in response to Plaintiffs' notice of patent infringement:

> **"Patent Infringement**
>
> DPS requested a Show Cause Notice from Guardian Alliance Technology. Guardian Alliance Technology provided a legal opinion letter with their response which provides a reasonable basis that Guardian Alliance Technology's ability to perform its obligation under the agreement would not be compromised. It is inappropriate for the State of Alaska to end a contractual relation on the patent infringement allegation.

> According to the above findings, the State of Alaska,
> Department of Public Safety will not cancel the contract with
> Guardian Alliance Technology."

53.     The Alaska Department of Public Safety's denial of liability for patent infringement directly undermines the economic value of Plaintiffs' exclusive property rights to make, use, sell, offer for sale, and/or import into the United States any product or process covered by any claim of the '188 Patent, including at least Claim 1 of the '188 Patent.

54.     Plaintiffs are informed and believe and on that basis allege that the Alaska State Troopers and/or the Alaska Department of Public Safety have the right to terminate Alaska's contract with GAT for use of the Guardian Platform if the Guardian Platform infringes any third-party intellectual property rights, without accruing any penalty or damages against the State of Alaska.

55.     In addition or alternatively, Plaintiffs are informed and believe and on that basis allege that Alaska's contract with GAT for use of the Guardian Platform is for a period of time (a "term") and does not renew automatically, requiring an affirmative act by Alaska to continue the contract at the end of each term, and further that is not subject to any penalty or damages in the event it does not renew the contract.

56.     In addition or alternatively, Plaintiffs are informed and believe and on that basis allege that Alaska's contract with GAT for use of the Guardian Platform is for a period of time (a "term") and renews automatically, except that Alaska may decline to renew the contract, without penalty or damages, at Alaska's discretion.

57.     Plaintiffs are informed and believe and on that basis allege that Defendant Commissioner Cockrell has authority under Alaska law to direct the Alaska Department of Public Safety, including but not limited to the Alaska State Troopers, to terminate and/or not renew Alaska's contract with GAT for use of the Guardian Platform.

58.     Plaintiffs are entitled to declaratory judgment that the Department of Public Safety's use of the Guardian Platform infringes at least Claim 1 of the '188 Patent and thereby constitutes direct and/or indirect patent infringement under the Patent Act, 35 U.S.C. § 271(a) and/or (b).

59.     Consistent with declaratory judgment of infringement, Plaintiffs are entitled to an order enjoining Commissioner Cockrell, by and through his authority over the State of Alaska Department of Public Safety and the Divisions and employees thereof, to cause the Department of Public Safety, including the Division of the Alaska State Troopers, to refrain from using the Guardian Platform in the future in any manner which infringes any claim of the '188 Patent, including at least not renewing any contract or license with GAT to use the infringing Guardian Platform in any manner which would infringe any claim of the '188 Patent.

## CLAIM II: ALASKA TORT CLAIMS ACT
## AK STAT. § 09.50.250 et seq.
## (Against the Alaska State Troopers)

60.     Plaintiffs re-allege each of the preceding paragraphs 1-59 of this Complaint.

61.     Alaska Statutes § 01.10.060, defines "personal property" as including "money, goods, chattels, things in action, and evidences of debt."

62.     The '188 Patent is personal property of the Plaintiffs.

63.     Pursuant to the Patent Act, 35 U.S.C. § 154, ownership of the '188 Patent conveys to Plaintiff Tyler Miller the exclusive right to make, use, sell, offer for sale, and/or import into the United States any apparatus or method which practices any claim of the '188 Patent.

64.     Plaintiff Miller Mendel Inc. is the sole and exclusive licensee of the '188 Patent, including all claims of the '188 Patent.

65.     A claim for damages due to patent infringement constitutes a tort claim.

66.     On information and belief, no policy-making or law-making body of the State of Alaska has issued or approved any policy which authorizes, on grounds of state policy or pursuant to a valid emergency declaration, the Alaska Department of Safety to infringe any claim of the '188 Patent.

67.     The act of Alaska contracting with Guardian Alliance Technology and/or its agents to provide access to the infringing Guardian System, in order to facilitate state employees performing their day-to-day duties such as processing and evaluating applications for law enforcement positions with the Alaska State Troopers or other state law enforcement agencies, does not constitute a discretionary function involving questions of state policy or planning.

68.     The decision by a state employee or a state agency to utilize an apparatus or service which infringes one or more claims of a U.S. Patent, to wit, the Guardian System

which infringes at least Claim 1 of the '188 Patent, does not constitute a discretionary function involving questions of state policy or planning.

69.     The decision by a state employee or a state agency to continue to utilize an apparatus or service which infringes one or more claims of a U.S. Patent, to wit, the Guardian System which infringes at least Claim 1 of the '188 Patent, after becoming aware that the apparatus or service infringes the '188 Patent, does not constitute a discretionary function involving questions of state policy or planning.

## CLAIM III:
## DEMAND FOR COMPENSATION FOR UNLAWFUL TAKING AND USE OF PERSONAL PROPERTY BY THE STATE OF ALASKA, AND CONSEQUENT ECONOMIC LOSS
### (Against the Alaska State Troopers)

70.     Plaintiffs re-allege each of the preceding paragraphs 1-69 of this Complaint.

71.     Plaintiff Tyler Miller is the owner of the '188 Patent, including both the ownership of the '188 Patent and the associated exclusive right of the patent owner to make, use, sell, offer for sale and import into the United States products and services which are within the scope by any claim of the '188 Patent.

72.     Plaintiffs expended substantial time and financial resources in the invention of the subject matter claimed in the '188 Patent, and in creating the commercial eSOPH system which practices the subject matter claimed in the '188 Patent, and the associated business Miller Mendel Inc. as exclusive licensee of the '188 Patent to sublicense and

support client users of the eSOPH system, with the purpose and expectation of reasonable profit.

73.     Plaintiff Tyler Miller, through its exclusive licensee Plaintiff MMI, has achieved commercial success and profit from its commercial exploitation of the eSOPH system, which practices at least Claims 1, 5 and 15 of the '188 Patent.

74.     Alaska had opportunity to obtain a license to use the eSOPH system from Plaintiff's exclusive licensee, Plaintiff MMI, for a commercially reasonable cost and commercially reasonable terms similar to those offered by Plaintiff MMI to other similarly situated public agencies throughout the United States.

75.     Unauthorized and uncompensated use of Plaintiffs' property, to wit the '188 Patent, by infringers such as Alaska causes the fair market value of the '188 Patent and related patents owned by Plaintiffs to be lower.

76.     On information and belief, the Alaska State Troopers, including but not limited to Alaska State Troopers employees involved in procuring the infringing Guardian Platform, were aware that the eSOPH system was available at the time Alaska State Troopers awarded the contract to GAT for the infringing Guardian Platform.

77.     The Alaska Constitution, Art. 1, § 1 states that "...'all persons have a natural right to... the enjoyment of the rewards of their own industry."

78.     The Alaska Constitution, Art. 1, § 18 states that "Private property shall not be taken or damaged for public use without just compensation."

79.     Alaska Statutes § 01.10.060(9) declares that "'personal property' includes money, goods, chattels, things in action, and evidences of debt".

80.     Alaska Statutes § 01.10.060(10) declares that "'property' includes real and personal property."

81.     The '188 Patent is owned by Plaintiff Tyler Miller and constitutes personal property of Mr. Miller within the definition of Alaska Statutes § 01.10.060 and the Alaska Constitution, including both the ownership of the '188 Patent and the associated exclusive right of the patent owner to make, use, sell, offer for sale, and import into the United States products and services which are within the scope by any claim of the '188 Patent.

82.     Guardian Alliance Technologies is a privately owned for-profit company.

83.     The Guardian Platform, at least as implemented and operated by and on behalf of the Alaska State Troopers, practices at least Claims 1, 5 and 15 of the '188 Patent, as set forth above, without permission of the '188 Patent owner and without compensation to the '188 Patent owner.

84.     The Alaska State Troopers's contract with Guardian to use the infringing Guardian Platform excludes Plaintiffs from obtaining the financial benefit from the '188 Patent to which they are lawfully entitled.

85.     The Alaska State Troopers's contract to use the infringing Guardian Platform directs financial benefit to Guardian by Alaska's unauthorized and uncompensated use of Plaintiffs' property.

86.     Alaska's infringement of the '188 Patent constitutes an unauthorized taking of Plaintiffs' property without compensation to Plaintiff.

87.     Alaska's infringement of the '188 Patent is not in response to or necessitated by any public emergency or law enforcement action.

88.     Plaintiffs are entitled to just compensation for Alaska's unauthorized intrusion upon, devaluation and taking of Plaintiffs' property, including at least by Alaska's use of the infringing Guardian Platform, in an amount to be determined at trial but not less than a reasonable royalty and lost profits.

89.     Plaintiffs are entitled to just compensation for the reduction in fair market value of the '188 Patent caused by Alaska's ongoing infringement of the '188 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered in their favor and against Defendant and for relief including:

a.     Declaring the '188 Patent claims to be infringed by Defendants;

b.     Finding the Defendants liable for the infringement, and the damages flowing therefrom;

c.     Awarding and ordering all damages suffered by Plaintiffs due to Defendants' infringement of the claims of the '188 Patent, including all amounts necessary to make Plaintiffs whole, but not less than a reasonable royalty, pursuant to 35 U.S.C. § 284;

d.      Awarding to Plaintiffs enhanced damages up to and including trebling of Plaintiffs' damages pursuant to 35 U.S.C. § 284;

e.      Awarding to Plaintiffs just compensation for the unauthorized taking of their property by Defendants' unauthorized and uncompensated use of the '188 Patent;

f.      Enjoining Defendant State of Alaska from using any products which infringe the '188 Patent, to wit, the Guardian Platform;

g.      Enjoining Defendant Commissioner Cockrell to cause the State of Alaska Department of Public Safety to refrain from future infringing conduct, including at least terminating without penalty and/or not renewing any contract or license with GAT for use of the Guardian Platform in a manner which would infringe any claim of the '188 Patent.

h.      Enjoining Defendant Commissioner Cockrell to cause the State of Alaska Department of Public Safety to refrain from future infringing conduct, including at least terminating for cause any contract or license with GAT for use of the Guardian Platform in a manner which infringes or would infringe any claim of the '188 Patent.

i.      Awarding Plaintiffs their costs of suit, including reasonable attorneys' fees pursuant to, *inter alia*, 35 U.S.C. § 285 due to the exceptional nature of this case, or as otherwise permitted by law;

j.      Awarding pre- and post- judgment interest; and,

k.      Awarding such other and further relief as may be just and proper.

DATED this 28th day of May, 2021.

RYLANDER & ASSOCIATES PC
Kurt M. Rylander, *pending pro hac vice*
Mark E. Beatty, *pending pro hac vice*

LANE POWELL LLC
Attorneys for Plaintiffs Miller Mendel, Inc.
and Tyler Miller

By  s/  Hans N. Huggler
     Hans Huggler, ABA No. 1505025
     Michael B. Baylous, ABA No. 0905022
     Kurt M. Rylander, Wash. Bar No. 27819
     Mark E. Beatty, Wash. Bar No. 37076