**Evan W. Talley**, OK Bar No. 22923
(Admitted *pro hac vice*)
Email: etalley@dunlapcodding.com
**DUNLAP CODDING, PC**
609 W. Sheridan Avenue
Oklahoma City, OK 73102
Phone: (405) 607-8600
Facsimile: (405) 607-8686

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| **MILLER MENDEL, INC.,** a Washington corporation, and **TYLER MILLER**, an Oregon resident, | Case No.: 3:21-cv-00129-HRH |
| Plaintiff, | |
| v. | **DEFENDANTS STATE OF ALASKA'S MOTION TO STAY AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| **ALASKA STATE TROOPERS,** an agency of the State of Alaska and **JAMES E. COCKRELL**, Commissioner of the State of Alaska Department of Public Safety, | |
| Defendants. | |

Defendants Alaska State Troopers and James E. Cockrell (collectively "State of Alaska")

move, pursuant to the "first-to-file" rule, to stay this action pending resolution of a related action

filed in October 2018—and currently pending—in the United States District Court for the

Western District of Oklahoma. The pendency of that Oklahoma action has already been the basis

for the staying of another related litigation filed in February 2021 in the United States District

Court for the District of Oregon by Plaintiff Miller. Counsel for State of Alaska and counsel for

Plaintiffs met-and-conferred regarding the requested relief on June 25, 2021, and counsel for

PAGE 1
Defendants' Motion To Stay And Memorandum Of
Points And Authorities

DUNLAP CODDING, PC
609 W. SHERIDAN AVE.
OKLAHOMA CITY, OK 73102
Tel: (405) 607-8600 / Fax: (405) 607-8686

Case 3:21-cv-00129-HRH   Document 18   Filed 06/30/21   Page 1 of 14

Plaintiffs indicated Plaintiffs did not consent to staying the instant action.[1] In support of this motion, State of Alaska states as follows:

## **INTRODUCTION**

In October 2018, Plaintiff filed a patent infringement action in the United States District Court of Western Oklahoma (the "Oklahoma Action") against the City of Oklahoma, which is a customer of Guardian Alliance Technologies, Inc., a provider of background investigation software. The Oklahoma Action involves—like State of Alaska—a customer of Guardian Alliance Technologies, the same patent, the same accused product at issue here and is currently pending. The parties just completed briefing claim construction in May 2021 and are set to commence the latter phase of the case once a claim construction order is issued.

In February 2021, Plaintiffs filed another patent infringement action against one of Guardian's customers. This time it filed suit against Washington County, Oregon and Washington County (Oregon) Sheriff's Office in the United States District Court for the District of Oregon (the "Oregon Action"). The Oregon Action involves the same patent, same claims, and same accused product at issue here and the Oklahoma Action. The Washington County defendants answered the complaint and promptly moved to stay pending resolution of the Oklahoma Action. Not surprisingly, the Oregon court swiftly granted the defendants' motion and stayed the Oregon Action.

Now, with the present action (the "Alaska Action"), Plaintiffs bring yet another patent infringement suit against Guardian customers, i.e., the Alaska State Troopers and James E. Cockrell, Commissioner of the State of Alaska Department of Public Safety. In an apparent

---

[1] During that meet-and-confer, counsel for Plaintiffs indicated the Plaintiffs would amend their complaint by July 2, 2021 to remove their claims for damages against State of Alaska, meaning they would amend to seek only injunctive relief.

DUNLAP CODDING, PC
609 W. SHERIDAN AVE.
OKLAHOMA CITY, OK 73102
Tel: (405) 607-8600 / Fax: (405) 607-8686

attempt to distinguish this action from the Oklahoma and Oregon Action, Plaintiffs bring three sets of claims: patent infringement, violation of the Alaska Tort Claims Act, and unlawful taking. However, all three sets of claims are based on Defendants' use of the Guardian platform and alleged infringement of the '188 Patent. [*See, e.g.,* Dkt. No. 1, at ¶¶ 20, 38, 47, 67–69, and 83–86].

Because the Oklahoma Action will dispose of the central issue in this case, it will moot this litigation entirely. Accordingly, as the Oregon Court did with the Oregon Action, this Court should stay this litigation until such time as the primary issues in the Oklahoma Action, *i.e.*, patent infringement, non-infringement, invalidity, and unenforceability, all of which overlap with the primary issues in this litigation, are determined.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

### A. The Oklahoma Action

On October 9, 2018, Plaintiff Miller Mendel, Inc. (along with its owner and inventor of the '188 Patent, Tyler Miller) initiated the Oklahoma Action by filing a Complaint against the City of Oklahoma City ("OKC"), alleging infringement of U.S. Patent No. 10,043,188 ("the '188 Patent"), in the United States District Court for the Western District of Oklahoma. [*See* Oklahoma Action, Dkt. No. 1]. More particularly, Miller Mendel claims in the Oklahoma Action that OKC infringes the '188 Patent by making use of a background investigative software (the "Guardian Platform") offered by Guardian Alliance Technologies, Inc. ("GAT"), a California corporation. Miller Mendel alleged the Guardian Platform infringes one or more claims of the '188 Patent. *Id.* at ¶ 12. GAT licenses the Guardian Platform to various governmental organizations across the country, including the City of Oklahoma City, Oklahoma and Washington County, Oregon. Following a motion to dismiss filed by OKC, Plaintiff amended its Complaint in the Oklahoma

PAGE 3
Defendants' Motion To Stay And Memorandum Of
Points And Authorities

**DUNLAP CODDING, PC**
609 W. SHERIDAN AVE.
OKLAHOMA CITY, OK 73102
Tel: (405) 607-8600 / Fax: (405) 607-8686

Case 3:21-cv-00129-HRH   Document 18   Filed 06/30/21   Page 3 of 14

Action, which is substantially similar to the Complaint filed in this action. [Oklahoma Action, Dkt. No. 22]. For the convenience of the Court, a true and correct copy of Miller Mendel's First Amended Complaint in the Oklahoma Action is attached to the concurrently-filed Declaration of Evan W. Talley as Exhibit 1.

Prior to filing the Oklahoma Action in October 2018, Miller Mendel was aware that GAT—which is organized and maintains its only place of business in California—developed, maintained, and licensed the Guardian Platform. However, it was not until nearly a year later on September 20, 2019, that Plaintiff moved to amend the Complaint in the Oklahoma Action to add GAT as a defendant. [Dkt. No. 55]. Miller Mendel's proposed claims against GAT included a patent cause of action and non-patent causes of action. [Oklahoma Action, Dkt. No. 55-1, at ¶¶ 26–50]. The district court denied leave to amend to add GAT as a patent infringement defendant because GAT does not reside in or maintain a regular and established place of business in the Western District of Oklahoma, as required by 28 U.S.C. § 1400(b) following *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514 (2017). [Oklahoma Action, Dkt. No. 103]. The district court also found that GAT had not consented to venue in the Western District of Oklahoma by virtue of its Subscription Agreement with OKC, through which OKC licensed the Guardian Platform. *Id.* The district court granted Plaintiff leave to amend its complaint to add only the non-patent claims against GAT. *Id.*

On October 14, 2020, Miller Mendel filed its Second Amended Complaint, which is identical to the First Amended Complaint in its patent infringement claims against OKC, but adds causes of action for defamation and a declaratory judgment of no inequitable conduct against GAT. [Oklahoma Action, Dkt. No. 104]. For the convenience of the Court, a true and correct copy of Miller Mendel's Second Amended Complaint in the Oklahoma Action is attached to the

PAGE 4
Defendants' Motion To Stay And Memorandum Of
Points And Authorities

DUNLAP CODDING, PC
609 W. SHERIDAN AVE.
OKLAHOMA CITY, OK 73102
Tel: (405) 607-8600 / Fax: (405) 607-8686

Case 5:21-cv-00129-HRH   Document 18   Filed 06/30/21   Page 4 of 14

Talley Declaration as Exhibit 2. GAT subsequently moved to dismiss the defamation claim, which motion remains pending. [Oklahoma Action, Dkt. No. 112].

The Oklahoma Action has been pending for 32 months and is currently near completion of claim construction, which is the procedure by which the district court decides the meaning of certain terms of the '188 Patent. The district court's claim construction sets the parameters for determining whether the '188 Patent is infringed, not infringed, invalid and/or unenforceable. The parties have completed claim construction briefing [Oklahoma Action, Dkt. Nos. 117, 119, and 122] and await the Oklahoma court's claim construction order and/or or whether it will conduct a claim construction hearing.

As GAT is not a patent infringement defendant in the Oklahoma Action, only OKC is actively "participating" in the submission of proposed claim constructions and supporting arguments in the Oklahoma Action. However, the district court's claim construction order—and its impact on the infringement, invalidity, and unenforceability determinations—will have an effect on any future attempts, including this case, by Miller Mendel to enforce the claims of the '188 Patent against GAT or any of its customers.

### B. The Oregon Action

More than two years after the initiation of the Oklahoma Action, on February 1, 2021, Plaintiff filed an almost identical complaint against Washington County, Oregon and the Washington County Sherriff's Office in the United States District Court for the District of Oregon, Portland Division (the "Oregon Action"). The Complaint filed in that case asserted the same patent claims as the Oklahoma Action and sues a GAT customer for its use of the same Guardian Platform. The Complaint filed in the Oregon Action [Oregon Action, Dkt. No. 1] is nearly identical the First Amended Complaint in the Oklahoma Action. [Oklahoma Action, Dkt.

PAGE 5
Defendants' Motion To Stay And Memorandum Of
Points And Authorities

**DUNLAP CODDING, PC**
609 W. SHERIDAN AVE.
OKLAHOMA CITY, OK 73102
Tel: (405) 607-8600 / Fax: (405) 607-8686

Case 3:21-cv-00129-HRH   Document 18   Filed 06/30/21   Page 5 of 14

No. 22]. For the convenience of the Court, a true and correct copy of Miller Mendel's Complaint in the Oregon Action is attached to the Talley Declaration as Exhibit 3. The only differences between the operative Second Amended Complaint in the Oklahoma Action [Dkt. No. 104] and the Complaint filed by Miller Mendel in the Oregon Action is that the Oregon Complaint did not include the defamation and declaratory judgment of inequitable conduct claims against GAT. As is the case with OKC in the Oklahoma Action, GAT is contractually obligated to defend and indemnify Miller Mendel's claims of patent infringement against Washington County.

Based on this near complete overlap of issues and substantial similarity of the parties, the Washington County Defendants answered the complaint [Oregon Action, Dkt. No. 5] and promptly moved to stay the case pending resolution of the Oklahoma Action. [Oregon Action, Dkt. No. 7]. Just a week after briefing was complete on the motion to stay and without oral argument, the Oregon district court granted the defendants' motion and stayed the case. [Oregon Action, Dkt. No. 14]. For the convenience of the Court, a true and correct copy of the text from the Oregon Court's docket entry staying the Oregon Action is attached to the Talley Declaration as Exhibit 4.

### C. The Alaska Action

Now, less than two months after the Oregon Action was stayed and while the Oklahoma Action remains pending, Plaintiffs have sued another one of GAT's customers and indemnitees for alleged infringement of the '188 Patent based solely on its use of the Guardian background investigation platform. [Alaska Action, Dkt. No. 1, at ¶ 20]. Plaintiffs' allegations of patent infringement in this action are substantially similar to their allegations of patent infringement in the Oklahoma and Oregon Actions. One difference in the complaint in this action is that Plaintiffs added a section entitled "State Sovereign Immunity" [*Id.* at ¶¶ 8–13], presumably in anticipation

DUNLAP CODDING, PC
609 W. SHERIDAN AVE.
OKLAHOMA CITY, OK 73102
Tel: (405) 607-8600 / Fax: (405) 607-8686

of a motion to dismiss for lack of subject jurisdiction based on the State of Alaska's sovereign immunity from claims of patent infringement under the Eleventh Amendment of the U.S. Constitution. As neither the Oklahoma Action nor the Oregon Action were against state-level agencies, there was no need for Plaintiffs to include similar allegation in either of those actions.

In addition to its claims of infringement of the '188 Patent against the State of Alaska, Plaintiffs have now added claims against the State of Alaska under the Alaska Tort Claims Act and for an unlawful taking and use of personal property, which were not at issue in either the Oklahoma or Oregon Actions. However, both of those claims are based on Plaintiffs' allegations of infringement of '188 Patent. With respect to their claim under the Alaska Tort Claims Act, Plaintiffs state, *inter alia*:

> 64.     Plaintiff Miller Mendel Inc. is the sole and exclusive licensee of the '188 Patent, including all claims of the '188 Patent.

> 65.     A claim for damages due to patent infringement constitutes a tort claim.

> 66.     On information and belief, no policy-making or law-making body of the State of Alaska has issued or approved any policy which authorizes, on grounds of state policy or pursuant to a valid emergency declaration, the Alaska Department of Safety to infringe any claim of the '188 Patent.

> 67.     The act of Alaska contracting with Guardian Alliance Technology and/or its agents to provide access to the infringing Guardian System, in order to facilitate state employees performing their day-to-day duties such as processing and evaluating applications for law enforcement positions with the Alaska State Troopers or other state law enforcement agencies, does not constitute a discretionary function involving questions of state policy or planning.

> 68.     The decision by a state employee or a state agency to utilize an apparatus or service which infringes one or more claims of a U.S. Patent, to wit, the Guardian System which infringes at least Claim 1 of the '188 Patent, does not constitute a discretionary function involving questions of state policy or planning.

> 69.     The decision by a state employee or a state agency to continue to utilize an apparatus or service which infringes one or more claims of a U.S. Patent, to wit, the Guardian System which infringes at least Claim 1 of the '188 Patent,

Defendants' Motion To Stay And Memorandum Of
Points And Authorities

DUNLAP CODDING, PC
609 W. SHERIDAN AVE.
OKLAHOMA CITY, OK 73102
Tel: (405) 607-8600 / Fax: (405) 607-8686

after becoming aware that the apparatus or service infringes the '188 Patent, does not constitute a discretionary function involving questions of state policy or planning.

[Alaska Action, Dkt. No. 1, at ¶¶ 64–69]. Thus, the entire basis for Plaintiffs' claim under the Alaska Tort Claims Act is alleged infringement of the '188 Patent.

Similarly, with respect to its claim for unlawful taking, Plaintiffs allege:

81.     The '188 Patent is owned by Plaintiff Tyler Miller and constitutes personal property of Mr. Miller within the definition of Alaska Statutes § 01.10.060 and the Alaska Constitution, including both the ownership of the '188 Patent and the associated exclusive right of the patent owner to make, use, sell, offer for sale, and import into the United States products and services which are within the scope by any claim of the '188 Patent.

82.     Guardian Alliance Technologies is a privately owned for-profit company.

83.     The Guardian Platform, at least as implemented and operated by and on behalf of the Alaska State Troopers, practices at least Claims 1, 5 and 15 of the '188 Patent, as set forth above, without permission of the '188 Patent owner and without compensation to the '188 Patent owner.

84.     The Alaska State Troopers's contract with Guardian to use the infringing Guardian Platform excludes Plaintiffs from obtaining the financial benefit from the '188 Patent to which they are lawfully entitled.

85.     The Alaska State Troopers's contract to use the infringing Guardian Platform directs financial benefit to Guardian by Alaska's unauthorized and uncompensated use of Plaintiffs' property.

86.     Alaska's infringement of the '188 Patent constitutes an unauthorized taking of Plaintiffs' property without compensation to Plaintiff.

[Id. at ¶¶ 81–86]. The only conduct alleged by Plaintiffs to constitute an unlawful taking is their accusation that the State of Alaska's use of the GAT background investigation platform constitutes infringement of the '188 Patent.

DUNLAP CODDING, PC
609 W. SHERIDAN AVE.
OKLAHOMA CITY, OK 73102
Tel: (405) 607-8600 / Fax: (405) 607-8686

## ARGUMENT AND AUTHORITY

When related cases are pending in two or more federal courts, there is an inherent power in each of those courts, when presented with an appropriate motion, to stay proceedings before it in deference to the related action. *See Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976) "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248 (1936). Demonstrated, *infra*, the courts in the Ninth Circuit have specifically recognized that district courts have inherent power to stay or dismiss an action where the issues presented can be resolved in an earlier filed action pending in another federal district court. This has come to be known as the "first-to-file" rule.

### A. The First-to-File Rule

The first-to-file rule "allows a district court to stay proceedings if a similar case with substantially similar issues and parties was previously filed in another district court." *Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc*., 787 F.3d 1237, 1239 (9th Cir. 2015); *see also Pacesetter Systems, Inc. v. Medtronic Inc*., 678 F.2d 93, 94–95 (9th Cir. 1982). Pursuant to this rule, "when cases involving the same parties and issues have been filed in two different districts, the second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy." *Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997). The first-to-file rule exists to avoid gamesmanship and "maximize judicial economy, consistency, and comity." *Kohn Law*, 787 F.3d at 1241. The Ninth Circuit has emphasized that because the rule "normally serves the purpose of promoting efficiency well," it should not be "disregarded lightly." *Church of Scientology of Cal. v. United States Dep't of the Army*, 611 F.2d

738, 750 (9th Cir. 1979); *see also Barapind v. Reno,* 225 F.3d 1100, 1109 (9th Cir. 2000) (the first-to-file rule promotes judicial efficiency by "avoid[ing] duplicative litigation").

Courts consider three factors when determining whether to apply the first-to-file rule: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues. *Alltrade, Inc. v. Uniweld Prod., Inc*., 946 F.2d 622, 625--626 (9th Cir.1991). "The first-to-file rule does not require that all parties in the separate actions be identical." *Kohn Law Group*, 787 F.3d at 1240.

### B. The Three Factors Weigh in Favor of Applying the First-to-File Rule

#### 1. The Chronology of the Actions

The first factor simply requires that one action be filed prior to the other. *Id.* The chronology of the three actions here supports application of the first-to-file rule. The Oklahoma Action was initiated in October 2018. The currently stayed Oregon Action was filed in February 2021. The instant Alaska Action was filed in May 2021. Thus, the first prong supports applying the first-to-file rule. It is irrelevant that GAT was added to the First-Filed Action at a later date because that too predates the filing of the Oregon Action.

#### 2. The Similarity of the Parties

The second factor requires "only substantial similarity of parties." *Kohn,* 787 F.3d at 1240. Here, Miller Mendel, Inc., the owner of the '188 Patent, is a plaintiff in both actions. And, although the defendants vary between the Oklahoma Action, the Oregon Action, and the Alaska Action, the Ninth Circuit acknowledged in *Kohn* that, even if one action contains *different* defendants, the parties may be substantially similar. *Id.* The court in *Kohn*, reasoned that "a contrary holding could allow a party such as [plaintiff] to skirt the first-to-file rule merely by omitting one party from a second lawsuit," a conclusion that is necessary to "avoid[] awarding

such gamesmanship and is consistent with the policy of the first-to-file rule, which is to maximize judicial economy, consistency, and comity." *Id.* Although GAT is not a named defendant in the Alaska Action, permitting the Alaska Action to continue "present[s] the risk of issues of patent validity and infringement being decided without the participation of a defendant more familiar with the products at issue." *Sillage LLC v. Kenrose Perfumes Inc.*, No. 8:14-CV-02043-CAS, 2015 WL 3649605, at *5 (C.D. Cal. June 9, 2015).

Moreover, that there are different defendants in the Oklahoma, Oregon, and Alaska Actions does not weigh against staying the Alaska Action. This precise question has been answered in the patent infringement context. *See, e.g., Wolf Designs, Inc. v. Donald McEvoy Ltd., Inc.*, 341 F. Supp. 2d 639, 643 (N.D. Tex. 2004) (staying later-filed patent infringement action where both cases arose out of sales of a jewelry boxes that allegedly infringed the same patent and rejecting argument that stay was inappropriate because the defendant was not a party to the first-filed action). The respective defendants in the Oklahoma, Oregon, and Alaska Actions could not be more similar in that they are public agencies who have been sued for patent infringement only by virtue of their use of the Guardian Platform.

### 3. The Similarity of the Issues

The third factor does not require that the issues in both cases be identical, only "substantially similar." *Kohn Law Group,* 787 F.3d at 1240. To determine whether two suits involve substantially similar issues, courts look to whether there is "substantial overlap" between the two suits. *Id.* at 1241. Courts have found substantial similarity between actions where the "central question" is the same, even if specific legal issues within the separate actions varied. *See Bedwell v. Braztech International, LC*, No. 3:16-cv-00217 JWS, 2017 WL 2450160, at *4 (D. Alaska June 6, 2017) (noting "[c]ourts have found substantial overlap even where one suit

PAGE 11
Defendants' Motion To Stay And Memorandum Of
Points And Authorities

**DUNLAP CODDING, PC**
609 W. SHERIDAN AVE.
OKLAHOMA CITY, OK 73102
Tel: (405) 607-8600 / Fax: (405) 607-8686

Case 3:21-cv-00129-HRH   Document 18   Filed 06/30/21   Page 11 of 14

involved additional substantive claims or claims arising different states' laws" and that "[w]hat matters is whether the central issue of issues of both cases are identical"); and *Ward v. Follett Corp.*, 158 F.R.D. 645, 648-49 (N.D. Cal. 1994) (applying the first-to-file rule where the "central question" in both actions - whether plaintiff was entitled to royalties – was the same).

Here, however, the key issues in all three actions are not merely similar; they are identical. All three patent infringement actions involve the same patent, the '188 Patent; assertion of the exact same claims of the '188 Patent; and Miller Mendel's allegations of infringement against OKC, Washington County, Oregon, and the State of Alaska are based only on their use of the exact same product, i.e., the GAT background investigation platform. Miller Mendel does not allege that its patent infringement claims have any special relationship to Alaska. In fact, there is significant overlap with various aspects of all three actions, including remedies, discovery, and witnesses. That the Alaska Action brings additional causes of action under the Alaska Tort Claims Act and for an unlawful taking does not weigh against a stay, as those additional claims are based on the same allegation of infringement of the '188 Patent as the patent infringement claims in all three actions. *See, e.g., Subbaiah v. GEICO General Insurance Co.*, No. 2:19-cv-06717 AB (JPRx), 2019 WL 9904278, at *5 (C.D. Cal. Dec. 11, 2019) (additional claims do not defeat substantial similarity of claims where "based in large part on the same factual allegations underlying the shared [] claims").

Here, the key issues for all claims in all three cases—not just the common patent infringement claims—are identical, i.e., whether the '188 Patent is valid, infringed, and/or enforceable. Thus, all three actions present substantially similar issues, and satisfy the third prong of the first-to-file rule.

PAGE 12
Defendants' Motion To Stay And Memorandum Of
Points And Authorities

**DUNLAP CODDING, PC**
609 W. SHERIDAN AVE.
OKLAHOMA CITY, OK 73102
Tel: (405) 607-8600 / Fax: (405) 607-8686

Case 3:21-cv-00129-HRH   Document 18   Filed 06/30/21   Page 12 of 14

## CONCLUSION

For the reasons stated above, the Court should stay this action pending final resolution of the Oklahoma Action.

DATED this 30th day of June, 2021.

DUNLAP CODDING, PC

By: /s/ Evan W. Talley
    Evan W. Talley, OK Bar No. 22923
    (Admitted *pro hac vice*)
    etalley@dunlapcodding.com
    DUNLAP CODDING, PC
    609 W. Sheridan Ave.
    Oklahoma City, OK 73102
    (405) 607-8600

    *ATTORNEYS FOR DEFENDANTS*
    *STATE OF ALASKA*

PAGE 13
Defendants' Motion To Stay And Memorandum Of
Points And Authorities

DUNLAP CODDING, PC
609 W. SHERIDAN AVE.
OKLAHOMA CITY, OK 73102
Tel: (405) 607-8600 / Fax: (405) 607-8686

Case 3:21-cv-00129-HRH   Document 18   Filed 06/30/21   Page 13 of 14

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 30th day of June, 2021, I served the foregoing

**DEFENDANTS' STATE OF ALASKA'S MOTION TO STAY AND MEMORANDUM**

**OF POINTS AND AUTHORITIES** on the following:

Kurt M. Rylander                    Hans N. Huggler
rylander@rylanderlaw.com            hugglerh@landpowell.com
Mark E. Beatty                      Michael B. Baylous
beatty@rylanderlaw.com             baylousm@lanepowell.com
RYLANDER & ASSOCIATES, PC          LANE POWELL, LLC
P.O. Box 250                        1600 A Street, Suite 304
Vancouver, WA  98666               Anchorage, AK  99501

*Attorneys for Plaintiffs*

by the following indicated method(s):

☐    by **mailing** a full, true and correct copy thereof in a sealed first-class postage prepaid envelope, addressed to the foregoing attorney at the last known office address of the attorney, and deposited with the United States Post Office at Portland, Oregon on the date set forth above.

☐    by causing a full, true and correct copy thereof to be **hand delivered** to the attorney at the last known address listed above on the date set forth above.

☐    by sending a full, true and correct copy thereof via **overnight mail** in a sealed, prepaid envelope, addressed to the attorney as shown above on the date set forth above.

☐    by **faxing** a full, true and correct copy thereof to the attorney at the fax number shown above, which is the last-known fax number for the attorney's office on the date set forth above.

☒    by transmitting full, true and correct copies thereof to the attorneys through the court's CM-ECF e-filing system on the date set forth above.


*s/ Evan W. Talley*_____
Evan W. Talley, OK Bar No. 22923
(Admitted *pro hac vice*)
Attorneys for Defendants

PAGE 1
Certificate of Service

DUNLAP CODDING, PC
609 W. SHERIDAN AVE.
OKLAHOMA CITY, OK 73102
Tel: (405) 607-8600 / Fax: (405) 607-8686